**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Billy Joe DENNIS, Defendant–**
**Appellant.**

**No. 13–2357.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Dec. 16, 2013.

Filed: Jan. 31, 2014.

Candace L. Taylor, U.S. Attorney's Office, Fort Smith, AR, for Plaintiff-Appellee.

Billy Joe Dennis, Brickeys, AR, pro se.

Morse U. Gist, Jr. Hot Springs, AR, for Defendant-Appellant.

Before WOLLMAN, LOKEN, and KELLY, Circuit Judges.

PER CURIAM.

Billy Joe Dennis was indicted on one count of knowingly failing to register as a sex offender and update a registration as a sex offender, as required by the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. §§ 16901–16991, in violation of 18 U.S.C. § 2250. Dennis moved to dismiss the indictment, raising constitutional challenges to SORNA. After the district court [1] denied Dennis's mo-

---

1. The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

tion to dismiss the indictment, Dennis entered a conditional guilty plea, reserving his right to appeal the district court's denial of his motion.

On appeal, Dennis argues that SORNA violates: (1) the non-delegation doctrine, because it improperly delegates to the Attorney General the authority to determine whether it applies to pre-enactment state offenders; (2) the Due Process Clause, because he did not have adequate notice that SORNA's registration requirements applied to him; and (3) the Commerce Clause, because SORNA's registration requirements lack a sufficient nexus to the regulation of interstate commerce.

Raising these arguments to preserve them for further review, Dennis concedes that they are foreclosed by our precedent. *See United States v. Kuehl*, 706 F.3d 917, 920 (8th Cir.2013) (concluding that SORNA's delegation of authority to the Attorney General under 42 U.S.C. § 16913(d) is constitutionally valid because Congress set forth an intelligible principle to guide in the exercise of that authority); *United States v. Baccam*, 562 F.3d 1197, 1200 (8th Cir.2009) (holding that applying SORNA to a pre-enactment offender who is given notice to comply with state law registration requirements does not violate the Due Process Clause); *United States v. Howell*, 552 F.3d 709, 715 (8th Cir.2009) (concluding that Congress had the authority to enact § 16913 under the Commerce Clause and the enabling Necessary and Proper Clause); *United States v. May*, 535 F.3d 912, 922 (8th Cir.2008) (holding that the enactment of 18 U.S.C. § 2250 was a valid exercise of Congress' power under the Commerce Clause), *abrogated on other grounds by Reynolds v. United States*, —— U.S. ——, 132 S.Ct. 975, 181 L.Ed.2d 935 (2012).

The judgment is affirmed.